IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD DONTUS LAROYCE LEONARD,

    Petitioner,

vs.

No. CIV S-06-2711 DFL EFB P

G. SALAS, et al.,

    Respondents.    ORDER
_____/

    Petitioner is a state prisoner proceeding pro se with a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The court requires all petitions for writ of habeas corpus to be filed on the proper form which is provided by this court. Moreover, the court may limit its review of the petition for relief to the information on the form only and need not consider any memoranda or attachments to the petition. *See* Rule 2(c), Rules Governing § 2254 Cases.

    Petitioner is hereby notified that in order for this court to review his application, he must refile his petition on the proper form. Furthermore, although petitioner may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims, and must provide the court with all necessary information.

    Petitioner has failed to specify the grounds for relief in his petition. *See* Rule 2(c), Rules Governing § 2254 Cases. It is not clear to the court the type of relief petitioner seeks by this

1

1  filing.  If petitioner seeks to challenge the duration of his confinement or underlying conviction,
2  he must file an amended petition stating the grounds for his claims clearly and succinctly,
3  together with a statement as to the exhaustion of state remedies as to his claims.

4  If petitioner seeks to challenge the conditions of his confinement, he must file a
5  complaint pursuant to 42 U.S.C. §1983, demonstrating how the conditions complained of have
6  resulted in a deprivation of plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227
7  (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is
8  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
9  or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423
10 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d
11 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation
12 in civil rights violations are not sufficient.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.
13 1982).

14 Petitioner has filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C.
15 § 1915.  Petitioner has not, however, filed his application for leave to proceed in forma pauperis
16 on the form used by this district.  Accordingly, petitioner's application will be dismissed and
17 plaintiff will be provided the opportunity to submit the application on the appropriate form.
18 Petitioner is cautioned that he must also provide a certified copy of his prison trust account
19 statement for the six-month period immediately preceding the filing of his complaint.

20 "A petitioner for habeas corpus relief must name the state officer having custody of him
21 or her as the respondent to the petition."  *Stanley v. California Supreme Court*, 21 F.3d 359, 360
22 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Petitioner has named G. Salas and
23 others as respondents in this action.  This individual is not the proper respondent in this action.
24 ////
25 ////
26 ////

Accordingly, the instant petition must be dismissed with leave to amend. *See Stanley*, 21 F.3d at 360.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

3. The amended petition must name the proper respondent;

4  The Clerk of the Court is directed to send petitioner the court's forms for application for writ of habeas corpus and for filing a civil complaint.

5. Petitioner's November 30, 2006 application to proceed in forma pauperis is dismissed without prejudice;

6. The Clerk of the Court is directed to send petitioner a new Application to Proceed In Forma Pauperis By a Prisoner; and

7. Petitioner shall submit, within thirty days from the date of this order, a completed application to proceed in forma pauperis. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: December 12, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). In the instant action, petitioner has named the People of the State of California as respondents. These individuals are not the proper respondents in this action. Petitioner is cautioned that should he return to this court after exhaustion, he should name the proper respondent. Failure to do so will result in the dismissal of the petition with leave to amend. *See Stanley*, 21 F.3d at 360.